IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41398
Summary Calendar
_____

JAY TODD NEESE,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-6
- - - - - - - - - -

January 27, 1999

Before KING, Chief Judge, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    The respondent moves to supplement the state court record
with certified copies of the state habeas petition and its
supplement.  IT IS ORDERED that the motion is GRANTED.

    Jay Todd Neese, Texas inmate #349086, appeals the denial of
his federal habeas petition.  He argues that the prosecution
breached the plea agreement in cause no. A-11,404 and that the
district court erred in according a presumption of correctness to
the state court findings of fact in denying his breached-plea-

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

agreement claim. The state trial court's findings are supported by the record. See Self v. Collins, 973 F.2d 1198, 1214 (5th Cir. 1992). Neese fails to identify anything in the record which indicates that the hearing was either unfair or failed to comply with due process. The district court's determination of the breached-plea-agreement issue, based upon the presumption of correctness accorded the state-court findings, was not erroneous. See Self v. Blackburn, 751 F.2d 789, 792-93 (5th Cir. 1985).

Neese argues that counsel rendered ineffective assistance on appeal and that the district court erred in applying a procedural bar to one aspect of his ineffective-assistance claim. Even assuming that the district court erred in applying the procedural bar, Neese cannot show that counsel's performance was beyond the broad range of reasonable performance. See Bryant v. Scott, 28 F.3d 1411, 1414 (5th Cir. 1994).

MOTION GRANTED. AFFIRMED.